WILLIAM H. DUNNING

*v.*

ALEX. H. SOUTH, for use, etc.

1. REPLEVIN—*right of possession.* In a suit upon a replevin bond, brought after the dismissal of the replevin suit, the only issue made by the pleadings was, in whom was the right of possession to the crops replevied at the time of suing out the writ of replevin? It appeared that the plaintiff in replevin had leased his farm to the defendant in the replevin suit, reserving the property in the crops as security for the delivery of his share thereof. The jury

found the right of possession in the tenant, the plaintiff in the suit on the bond: *Held*, that the verdict was right; and although the defendant may have had the property in the crops as a security, yet the right of possession was in the plaintiff.

APPEAL from the Circuit Court of Iroquois County; the Hon. CHARLES H. WOOD, Judge, presiding.

This was debt upon a replevin bond brought in the name of appellee, as sheriff, for the use of William F. Ward. The bond was given in a replevin suit by Dunning, appellant, against Ward, to recover certain crops. The replevin suit was dismissed by the plaintiff. Defendant in that action brought suit on the bond in the sheriff's name. By the pleadings the only issue presented was, whether Ward was entitled to the possession of the property at the time of the bringing of the suit in replevin. It appeared that Ward had rented lands of Dunning, and was to deliver a share of the crops as rent— the lease providing that all crops raised should be and remain the property of Dunning until Ward should comply with his agreement.

Messrs. ROFF, DOYLE & McCULLOUGH, and Messrs. BLADES & KAY, for the appellant.

Messrs. McINTYRE & WRIGHT, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of debt on a replevin bond, given in an action of replevin, which had been dismissed by the plaintiff without a trial on the merits, and a defense made under the act of 1847.

The only issue before the jury was, in whom was the right of possession at the time of suing out the writ of replevin?

Under instructions, to which no exception was taken, the jury found for Ward, for whose use the action was brought, and we think correctly.

Though the property in the crops might be in appellant, the possession could not be, for by the very nature of the contract

it was in Ward who raised them.   The property was in appellant only as security that Ward would deliver the one-third of the crop, which he could not do, if it was not in his possession.

Even if Ward had improperly converted the wheat, the contract did not give appellant a right to the tenant's share of the corn and oats.   The evidence fully sustains the verdict, and the justice of the case seems to be as the jury have found. The judgment is affirmed.

*Judgment affirmed.*